UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Guangzhou Kaishifu E-Commerce Co., Ltd, *Plaintiff*, v. Shenzhen Paweier Electronic Commerce Co., Ltd, *Defendant*. | **CASE NO.** 23-cv-16637 **Jury Demand** |

**MEMORANDUM OF LAW IN SUPPORT OF**

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

Plaintiff Guangzhou Kaishifu E-Commerce Co., Ltd ("Plaintiff"), by and through its attorneys, moves pursuant to Federal Rules of Civil Procedure ("Rule") 4(f)(3) to grant Plaintiff leave to serve Defendant Shenzhen Paweier Electronic Commerce Co., Ltd ("Defendant") through email.

### I. BACKGROUND

Plaintiff brought this current lawsuit against Defendant for Declaratory Judgment of Patent Invalid and Non-infringement [Dkt. No. 1]. Plaintiff owns and operates Amazon store Kai Shi Fu Business. Plaintiff mainly sells Sunset Lamp Projector in its Amazon store. Plaintiff's Sunset Lamp Projector is popular and well-established on Amazon.

Defendant filed a patent infringement complaint to Amazon which caused Amazon to remove Plaintiff's Sunset Lamp Projector in its Amazon store. Defendant provided its contact information as: Michael8582@163.com. Defendant did not provide any address to Amazon.

1

Plaintiff believes that the email provided by Amazon can reach out to Defendant. To avoid further delay of the process, Plaintiff files this current motion to seek leave from the Court to serve Defendants through alternative means.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 4(h)(2) governs service of process on foreign companies such as Defendant and requires compliance with the manners of service identified in 4(f). Rule 4(f) states that an individual in a foreign country may be served as follows: (3) by other means not prohibited by international agreement, as the court orders.

Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently on equal footing" to 4(f)(1) and 4(f)(2) and is not "extraordinary relief" or a "last resort." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-CV-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (citing Nuance, 626 F.3d at 1239). Moreover, "a plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Affinity Labs of Tex., L.L.C. v. Nissan N. Am. Inc*., No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014).

Rule 4(f)(3) provides that service upon an individual in a foreign country may be affected by any "means not prohibited by international agreement, as the court orders." Alternative service "is neither a last resort nor extraordinarily relief, but instead is merely one means among several which enables services of process on an international defendant." *1025 W. Addison St. Apartments Owner, LLC v. Grupo Cinemex, S.A. de C.V.*, No. 20-cv-06811, 2021 U.S. Dist. LEXIS 99131, at *22 (N.D. Ill. May 26, 2021) (internal quotation marks omitted) (quoting *Rio Props. v. Riol Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

"Accordingly, courts typically order service under Rule 4(f)(3) after considering the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention." *Viavi Solutions Inc. v. Zhejiang Crystal-Optech Co Ltd*, 2022 WL 1271706, *2 (E.D. Tex. 2022). Service of process through the Hague Convention is expected to take eighteen months to two years to complete. In fact, in granting alternate service, courts have noted that the Ministry of China indicates that service of process may take more than two years to complete. *Victaulic Co. v Allied Rubber & Gasket Co*., 2020 U.S. Dist. LEXIS 82150, fn. 3 (S.D. Cal. 2020).

Determinations regarding alternate service under Rule 4(f)(3) are conferred to the discretion of the district court. *STC.UN v TP-Link Technologies Co., LTD*.,2019 Dist. LEXIS 239369 (W.D. Tex. 2019). Courts are empowered to fit the manner of service utilized to the facts and circumstance of the particular case. *Enovative Techs., LLC v Leor,* 622 Fed. Appx. 212, 214 (4th Cir.2015). Therefore, as long as the method of service is not prohibited by International agreement, a court has considerable discretion to authorize an alternative means of service. *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text."). "Under Rule 4(f)(3), federal courts have discretionary authority to direct service." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010).

### III.   ARGUMENT

**A.   Defendant's address is unkown to Plaintiff.**

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." United States District Courts, including Courts in this District, routinely permit alternative service of process notwithstanding

3

the Hague Convention. *See e.g., Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ("Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement."); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *see also, Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (same); *In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5-7 (N.D. Cal. Apr. 17, 2007) (same); *Levi Strauss & Co., v. Zhejiang Weidu Garment Co., Ltd. et al.*, No. 16-cv-7824 (N.D. Ill. Nov. 17, 2016) (same). The Hague Convention also does not preclude service by e-mail. *See e.g., Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("[v]arious courts have agreed that service by email is not prohibited by the Hague Convention"); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D. Cal. Mar. 27, 2012) (citing cases where courts held that service by e-mail did not violate the Hague Convention as to foreign defendants, including in China).

Defendant's address is NO. 412, D1, SHENZHU ROAD, LIUYUE COMMUNITY, SHENZHEN, CHINA. *See* Decl. of Wang, ¶2. However, this address cannot be found through Google Map. *Id*, at ¶3. Upon Plaintiff's duly investigation, the physical address provided by Defendant is false or at least defective.

Therefore, Defendant's real address is unknown to Plaintiff, which renders the Hauge Service Convention inapplicable.

B. **Alternative Service by Email On Defendant Domiciled in China is Routinely Granted by This Court.**

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1014-15. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id*. at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id*. Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id*. Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018)) ("Overlooking Rule 4(f)(3) entirely, *Gotech* argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."). Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods…" because of the injunctive relief sought by Plaintiff. *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (citing 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)). A speedy method of service in this case was justified to ensure,

5

among other reasons, that the continuance use of Defendant's fraudulent copyright be stopped. *Strabala v. Zhang*, 318 F.R.D. at 114 ("Court-directed service pursuant to Rule 4(f)(3) is appropriate when, for example, 'there is a need for speed that cannot be met by following the Hague Convention methods. . . .' ") (quoting 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.))). In addition, email was a more reliable method of service in this case because Defendant's email addresses were verified by Amazon in Amazon's policy warning notice. This is precisely a situation that justifies an order directing that service be affected by alternative means. *See Ouyeinc*, 2021 U.S. Dist. LEXIS 118876, 2021 U.S. Dist. LEXIS 118876, 2021 WL 2633317, at *3 ("courts have routinely upheld service by email" in infringement actions where online stores "business appeared to be conducted entirely through electronic communications") (cleaned up) (*citing Rio Props.* 284 F.3d at 1018. ("When faced with an international e-business scofflaw, playing hide-and seek with the federal court, e-mail may be the only means of effecting service of process"))

Email is a more reliable method because Defendant provided its email address to Amazon when he filed his fraudulent patent complaint against the Plaintiff. Also, as mentioned before, service of process may take more than two years to complete in China. Email in this case is justified to ensure an immediate action to stop Defendant from filing more fraudulent patent infringement complaints against Plaintiff and is necessary to stop more irreparable harm from occurring.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court enter an Order permitting service by email on Defendant's email address, Michael8582@163.com.

Date: December 10, 2023

/s/ Wei Wang
Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010

6

        wei.wang@glacier.law
        332-777-7315
        ***Attorney for Plaintiff***