UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Guangzhou Kaishifu E-Commerce Co., Ltd, *Plaintiff*, v. Shenzhen Paweier Electronic Commerce Co., Ltd, *Defendant*. | **CASE NO.** 23-cv-16637 |

i

# TABLE OF CONTENTS

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR** ...................................... 1

***EX PARTE* TEMPORARY RESTRAINING ORDER** ............................................................... 1

**I.         INTRODUCTION** ............................................................................................................ 1

    A.    AMAZON INTELLECTUAL PROPERTY PROTECTION LOOPHOLE ............................ 1

    B.    THE PLAINTIFF ....................................................................................................... 2

    C.    THE DEFENDANT AND ITS PATENT INFRINGEMENT COMPLAINT ........................ 3

    D.    THE ASSERTED PATENT ........................................................................................ 3

**II.        LEGAL STANDARD** ..................................................................................................... 3

**III.      ARGUMENT** .................................................................................................................... 4

    A.    PLAINTIFF HAS AN OVERWHELMING LIKELIHOOD OF SUCCESS ON THE MERITS OF ITS CLAIM ........................................................................................................ 4

        1.    The '378 Patent is invalid pursuant to the 35 U.S.C. § 102. ....................... 5

        2.    **The Plaintiff's Sunset Lamp Projector is substantially different from the '378 Patent.** ............................................................................................... 6

    B.    PLAINTIFF WILL SUFFER IRREPARABLE HARM WITHOUT A TRO RELIEF ........... 7

    C.    INADEQUACY OF LEGAL REMEDIES ..................................................................... 9

    D.    THE BALANCING OF HARMS TIPS IN PLAINTIFF'S FAVOR ................................. 10

    E.    PUBLIC INTEREST IS SERVED BY ENTRY OF THE INJUNCTION. ......................... 11

**IV.     THE EQUITABLE RELIEF PLAINTIFF SOUGHT IS APPROPRIATE** ... 12

    A.    AN TRO DIRECTING DEFENDANT TO RETRACT THE AMAZON PATENT INFRINGEMENT COMPLAINT AND REFRAIN FROM FILING NEW COMPLAINT IS APPROPRIATE ...................................................................................................... 12

    B.    NO BOND SHOULD BE REQUIRED BECAUSE DEFENDANT'S OWN NO VALID PATENT FOR PLAINTIFF TO INFRINGE ................................................................ 13

**V.       CONCLUSION** .............................................................................................................. 13

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**
***EX PARTE* TEMPORARY RESTRAINING ORDER**

Plaintiff Guangzhou Kaishifu E-Commerce Co., Ltd ("Plaintiff"), respectfully moves the Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for an *Ex Parte* temporary restraining order against Defendant Shenzhen Paweier Electronic Commerce Co., Ltd ("Defendant").

## I. INTRODUCTION

In this case, Defendant who is using loopholes in Amazon's intellectual property enforcement procedures to harm the legitimate business operations of the Plaintiff, who relies on Amazon as a vital platform to reach consumers. The Defendant's actions have caused irreparable harm to the Plaintiff's business, and there is an imminent threat that the Plaintiff's Amazon selling accounts could be deactivated at any time. Given the severity of these consequences, the Plaintiff is seeking immediate *ex parte* TRO relief from the Court. As one of the world's largest online retailer, Amazon plays a crucial role in facilitating small business operations, making it important to address the Defendant's exploitative behavior.

**A.  Amazon Intellectual Property Protection Loophole**

Amazon has implemented a system to protect the intellectual property rights of owners, which serves a good purpose. Under this system, a rights owner can file a complaint against an infringer on Amazon, alleging that the infringer has violated the rights owner's trademark, patent, and/or copyright. Amazon then evaluates the evidence provided by the rights owner, and if infringement is confirmed, an Amazon employee will delist the infringer's products and revoke their selling privileges.

However, this system is not functioning as intended. Amazon's employees are not required

to review evidence in the same manner as the judicial system, yet they hold significant power to freeze assets, delist products, and even close entire stores - much like a court. For example, when a patent owner files a complaint against a competitor for alleged patent infringement, Amazon may not take the time to assess whether the patent was acquired through fraudulent means, or the patent is invalid or not. Instead, when a valid patent certificate is presented to Amazon, the employee may automatically assume the patent is valid and take action to support the patent owner's claim, leading to the shutdown of the respondent's store. *See* Declaration of Tianlin Yao, at ¶6 ("Yao Decl.").

This practice creates a significant loophole that is being exploited by unscrupulous individuals like the Defendant. Defendant failed to provide the relevant prior arts when filing the application to the USPTO to obtain the patent. As a result, individuals or entities such as the Defendant have started a shady business by using Amazon's intellectual property protection system as a tool to harm legitimate sellers like the Plaintiff, steal the seller's market, and eliminate fair competition. Yao Decl. at ¶11.

Many sellers, in order to maintain their sales rank during peak season, will pay the requested amount to resolve the issue. This practice allows malicious competitors to abuse Amazon's intellectual property protection system and harm legitimate sellers.

But not for the Plaintiff in this case. Plaintiff in this case has taken action to stop this vicious and harmful activity.

B.     The Plaintiff

Plaintiff owns and operates an Amazon store named "Kai Shi Fu Business". Plaintiff sells Sunset Lamp Projector in its Amazon stores. Yao Decl. at¶4. Plaintiff's Sunset Lamp Projector is

2

popular and well recognized on Amazon. *Id*. at ¶7. Plaintiff's Sunset Lamp Projector was selling exceptionally well on Amazon.

### C. The Defendant and Its Patent Infringement Complaint

Defendant is a Chinese Company. However, Defendant provided the unknown and invalid physical address to Patent and Trademark Office. *See* Dkt. No. 4.

On November 21, 2023, Plaintiff's store received a Notice from Amazon. *See* Dkt. No. 1-1. This Notice informed the Plaintiff that Plaintiff's Sunset Lamp Projector was removed by Amazon because it received a report from Defendant alleging that they infringe on Defendant's Patent, U.S., Patent, No. D 989,378 ("'378 Patent"). *Id*. Amazon provided Plaintiff with the contact details of the rights owner as Michael8582@163.com. *Id*. As a result of the complaint filed by the Defendant, Plaintiff' Sunset Lamp Projector was taken down by Amazon. *Id*.

### D. The Asserted Patent

Defendant's Asserted Patent is the U.S. Patent, No. D989,378 ("'378 Patent"). The '378 Patent was filed on March 28, 2021. *See* Dkt. No.1, ¶ 16; Dkt. No. 1-2. The '378 Patent was issued on June 13, 2023. *Id*. However, the '378 Patent is invalid pursuant to the 35 U.S.C. § 102 and 103.

## II. LEGAL STANDARD

The legal standard employed for a temporary restraining order is the same as one for a preliminary injunction. *Mays v. Dart,* 453 F. Supp. 3d 1074, 1087 (N.D. Ill. 2020) (citations omitted). "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Goodman v. Illinois Dept. of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (internal quotation marks and citation omitted) (emphasis in original). To succeed, the movant must demonstrate (i) a likelihood of success on the merits, (ii) that it has no adequate remedy at law,

and (iii) that it will suffer irreparable harm if the relief is not granted. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (internal citations omitted).

If the moving party meets this three-element threshold showing, the court "must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (quoting *Planned Parenthood, of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018)). "Specifically, the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008) (citing *Abbott Labs. v Mead Johnson & Co.*, 971 F.2d 6, 11-12 (7th Cir. 1992)).

The Seventh Circuit has described this balancing test as a "sliding scale": "if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win[,] the more that balance would need to weigh in its favor." *GEFT Outdoors*, 992 F.3d at 364 (citing *Planned Parenthood*, 896 F.3d at 816). Finally, the court must consider the interests of non-parties in granting or denying the requested relief. *Ty, Inc., v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

### III. ARGUMENT

**A. Plaintiff Has an Overwhelming Likelihood of Success on the Merits of Its Claim**

Determining whether the movant has a likelihood of success on the merits is simply a "threshold" issue, and it only requires that the movant have a "better than negligible" chance of prevailing. *D.U. v. Rhoades*, 825 F.3d 331, 338 (7th Cir. 2016). Although the movant typically bears the burden of establishing its better than negligible chances, "the burdens at the preliminary

4

injunction stage track the burdens at trial" on merits questions. *Wis. Right to Life, Inc. v. Barland*, 751 F.3d 804, 830 (7th Cir. 2014).

**1. The '378 Patent is invalid pursuant to the 35 U.S.C. § 102.**

A patent claim is invalid as anticipated if "the invention was…in public use, on sale, or otherwise available to the public" more than one year before "the effective filing date of a claimed invention." 35 U.S.C. § 102(a)(1). To establish anticipation, there must be evidence that a person of ordinary skill in the art would recognize the presence of "each and every claim limitation in a single prior art reference, either explicitly or inherently." *Sunoco P'ship Mktg. & Terminals L.P. v. U.S. Venture, Inc.*, 436 F. Supp. 3d 1099, 1110 (N.D. Ill. 2020); *see also, Design Ideas, Ltd. v. Target Corp.*, 2021 WL 6058698 at *2 (C.D. Ill. Dec. 21, 2021) (internal citations omitted) ("A design patent is "anticipated," that is, invalid because it is not new, if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design is substantially identical to a prior design that was commercially available more than a year before the later patent's filing date.").

First, the '378 Patent is independently anticipated by the Patent EU0084524370001S, and Patent EU0084566360002S ("EU Patents"). The '094 EU Patents were issued on March 8 and 10, 2021. *See* Dkt. No. 1, ¶¶ 18-19. The '378 Patent's filing date is March 28, 2021. *See* Dkt. No. ¶ 16. Therefore, the EU Patents are valid prior art to the '378 Patent. As shown in the Complaint, the EU Patents independently disclose all the claimed design of the '378 Patent. The '378 Patent is substantially similar to the EU Patents, and an ordinary observer would recognize that the design of the '378 Patent is "substantially the same" as that disclosed in the EU Patents. Accordingly, the '378 Patent is anticipated by the EU Patents and is invalid pursuant to the 35 U.S.C. § 102(a)(1).

Second, the '378 Patent is invalid under the on-sale and public use provision of 35 U.S.C. § 102(a). The '378 Patent was filed on March 28, 2021. As shown in the Complaint, the Sunset

5

Lamp Projector was sold on Amazon before April 12, 2019, which is almost two years before the '378 Patent's filing date. *See* Dkt. No. 1, ¶20. Also, the Sunset Lamp Projector was available to the public on YouTube on March 9, 2021, which is also before the '378 Patent's filing date. *See* Dkt. No. 1, ¶23. The Sunset Lamp Projectors sold on Amazon and published on YouTube disclose all the claimed designs of the '378 Patent.

It is clearly shown that the design of '378 Patent was disclosed more than one year before the patent application was filed. *In re Mann*, 861 F.2d 1581, 8 U.S.P.Q.2d 2030 (Fed. Cir. 1988) (affirming PTO's final rejection of design patent application because claimed designed was displayed at a trade show more than one year before the patent application was filed).

Therefore, the '378 Patent is invalid pursuant to the 35 U.S.C. § 102 and Plaintiff is likely to succeed on its invalidity claim of the '378 Patent.

**2. The Plaintiff's Sunset Lamp Projector is substantially different from the '378 Patent.**

The sole test for determining whether a design patent has been infringed is the "ordinary observer" test. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). Under the "ordinary observer" test, "a court must consider the ornamental features and analyze how they impact the overall design." *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1343 (Fed. Cir. 2020) (citing *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010).

"Where there are many examples of similar prior art designs, …, differences between the claimed and accused designs that might not be noticeable in the abstract can become significant to the hypothetical ordinary observer who is conversant with the prior art." *Egyptian Goddess*, 543 F.3d at 678 (citing *Smith v. Whitman Saddle Co.*, 148 U.S. 674, (1893)); *see also Wallace v. Ideavillage Prods. Corp.*, 640 Fed. Appx. 970, 978 (Fed. Cir, 2016). The Federal Circuit holds that "the ordinary observer is deemed to view the differences between the patented design and the accused product in the context of the prior art. When the differences between the claimed and

accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art." *Lanard Toys Ltd.,* 958 F.3d at 1344 (*quoting Egyptian Goddess*, 543 F.3d at 676).

Here, the EU Patents are prior arts to the '378 Patent. As stated above, the claimed design of the '378 Patent has already been disclosed in the EU Patents, as shown in Exhibit 1. Further, the head part of Plaintiff's Sunset Lamp Projector is clearly distinguished with the '378 Patent as shown in the Exhibit 1. Therefore, an ordinary observer who is conversant with the prior art would find Plaintiff's Sunset Lamp Projector is substantially dissimilar to the '378 Patent.

Therefore, Plaintiff is likely to succeed on its non-infringement claim.

**B. Plaintiff Will Suffer Irreparable Harm Without a TRO Relief**

First, Plaintiff receives 100% of its revenue from sales made through Amazon.com since its incorporation. Yao Decl. at ¶4, This relationship is now threatened as a result of Defendant's fraudulent Patent infringement complaints against Plaintiff, because Amazon not only "constantly monitors and scores each seller's 'account performance'" including how many infringement complaints have been filed against the seller, but Amazon also reserves the right to "deactivate selling accounts without advance warning." *Id*. at ¶6. "Plaintiff is at an imminent risk of being suspended from selling any products whatsoever through Amazon, all as a result of Defendant's false patent infringement accusations against Plaintiff" *Id*. A suspension from Amazon, even if temporary, would be fatal to the Plaintiff's business. *Id*. at ¶4.

The loss of Plaintiff's revenues and the inevitable layoffs that would be triggered by the loss of business, *Id*. at ¶14, would impose real harms on Plaintiff that could not be simply undone by a future decision in its favor. *See Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc*., 549 F.3d 1079, 1090 (7th Cir. 2008) ("[S]imply returning [60% of plaintiffs business

territory] following trial will not account for the incalculable losses [plaintiff] risks in the interim—namely, the potential loss of property, employees, or its entire business, as well as damage to its goodwill. These harms are both real and irreparable.").

Second, Plaintiff's ability to rectify Defendant's fraudulent Patent accusations is hindered by Amazon's policies, which only accept retractions of intellectual property infringement claims if the rights owner clearly admits to making an error. This would require Defendant, the malicious competitor/patent owner, to communicate with Amazon directly. As a result, Plaintiff is unable to remove the patent infringement complaint that threatens its business relationship with Amazon and its US customers, which is the foundation that Plaintiff's business is built upon. "It is well recognized that the inability of a party to supply its products to customers as a result of a dispute will often result in a loss of goodwill sufficient to establish irreparable harm." *Country Fare LLC v. Lucerne Farms,* No. 11-CV-722 (VLB), 2011 WL 2222315, at *5 (D. Conn. June 7, 2011). "[g]iven the likely total loss of its business, Plaintiff has established irreparable harm." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 296 F. Supp. 3d 442, 458 (E.D.N.Y. 2017), *aff'd*, 883 F.3d 32 (2d Cir. 2018); *see also Galvin v. N.Y. Racing Ass'n,* 70 F. Supp. 2d 163, 170–71 (E.D.N.Y.), *aff'd sub nom. Galvin v. N.Y. Racing Ass'n, In*c. (NYRA), 166 F.3d 1200 (2d Cir. 1998) (holding that "[i]n order to demonstrate irreparable injury under the business termination standard, the lost business relationship must be one that was vital to the continuation of the business" and that "[t]he total loss of a business clearly constitutes irreparable injury").

Third, the damages suffered by Plaintiff may be unobtainable from the defendant because he may become insolvent before a final judgment can be entered and collected. *Signode Corp. v. Weld-Loc Systems, Inc.*, 700 F.2d 1108, 1111 (7th Cir.1983). The '378 Patent is registered by a Chinese individual, who provided unknown and invalid physical address when it registered in

8

China. It is almost impossible for Plaintiff to enforce the Defendant even if Plaintiff received a final judgment in favor of Plaintiff. As a result, it is unlikely for Plaintiff to be compensated or collect any damages from the Defendant.

Finally, precedent in this district supports the loss of market share and revenue during the pendency of this litigation constitutes irreparable harm. *See. e.g., Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1368 (Fed. Cir. 2001) (likelihood of price erosion and loss of market position are evidence of irreparable harm); *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1566 (Fed. Cir. 1996) (loss of revenue, goodwill, and research and development support constitute irreparable harm); *Polymer Technologies, Inc. v. Bridwell*, 103 F.3d 970, 975-76 (Fed. Cir. 1996) (loss of market opportunities cannot be quantified or adequately compensated, and is evidence of irreparable harm).

Plaintiff's Sunset Lamp Projector is very popular and well recognized on Amazon. Yao Decl. at ¶7. However, the active and frequent sales enhance sales rank and sales rank drops precipitously if a product stops generating sales. *Id*., at ¶8. Even if the listings are reinstated now, it is impossible for Plaintiff to regain its previous ranking even after a very long time. *Id*. at ¶9.

### C. Inadequacy of Legal Remedies

Regarding the adequacy of legal remedies, Plaintiff can establish that money damages would not sufficiently compensate it for the loss of its business. "A damages remedy need be 'seriously deficient,' but not 'wholly ineffectual.'" *Girl Scouts*, 549 F.3d at 1095 (quoting *Roland Mach. Co. v. Dresser Inds., Inc*., 749 F.2d 380, 386 (7th Cir. 1984)). The U.S. Court of Appeals for the Seventh Circuit has identified several circumstances resulting in an inadequate legal remedy, including "when a damages award may come too late to save the plaintiff's business" because the business "will lack the cash flow necessary to sustain the fixed costs of operating its business"

without the injunction. *Id*. Even when the value of a plaintiff's business could be calculated, the Seventh Circuit nonetheless "recognize[s] that a longstanding business often has a vested interest in continuing in that business, not simply in receiving the monetary equivalent of its operation." *Id*. ; *see also Roland Mach*., 749 F.2d at 386 (observing that "the right to continue a business . . . is not measurable entirely in monetary terms" when the plaintiff would rather run its business than "live on the income from a damages award" (citation omitted)). If the movant's loss would not result in the total ruin of its business, it may still defy accurate calculation of damages because of unquantifiable impairment of the business's capacity. *See, e.g., Girl Scouts*, 549 F.3d at 1095 (finding the plaintiff's damages "virtually impossible to compute" based in part on "the potential loss of institutional knowledge accompanying the unwanted termination of employees"); *Ty, Inc*, 237 F.3 at 902 ("[I]t is virtually impossible to ascertain the precise economic consequences of intangible harms, such as damage to reputation and loss of goodwill[.]" (citation omitted).

Plaintiff lacks the resources to maintain its business if it lost its Amazon store listings. Yao Decl. at ¶15. The shutdown of a significant portion of Plaintiff's Amazon store would cause a significant loss of revenue requiring major workforce reductions. *Id*. at ¶14. Being forced to fire many of its employees would constitute a significant loss. Plaintiff would lose goodwill in the market as Plaintiff's product is well recognized on Amazon, *Id*. Plaintiff has shown that the shutdown of its business threatens to cripple or destroy its business rather than simply cost it money. Money damages would not make Plaintiff whole.

D. **The Balancing of Harms Tips in Plaintiff's Favor**

Plaintiff relies heavily on its sales through Amazon.com and even a temporary suspension of Plaintiff's selling account is fatal to Plaintiff's business. Yao Decl.at ¶4. Amazon might

deactivate Plaintiff's selling accounts at any time without advance warning. *Id*., at ¶6. A TRO is necessary to prevent Plaintiff from losing its selling rights on Amazon.

Here, Plaintiff seeks the Court to issue a TRO and order Defendant to withdraw its Amazon complaints. If the TRO is granted, it would allow Plaintiff to reactive all affected product listings Amazon has removed. Should the Court ultimately find that the '378 Patent is valid and enforceable, and the '378 Patent is infringed, which Plaintiff believes to be highly unlikely, Defendant may recover damages based on well-established patent infringement damage accounting practices. The damage recovery will account for sales made subsequent to withdrawal of the Amazon report.

### E. Public Interest Is Served by Entry of the Injunction.

The interest in the public is the last factor that the Court must examine. Here, public interest is compelling for several reasons.

First, the public has a strong interest in stopping abusive Amazon patent practices and preserving market competition, especially where, as here, **the validity and enforceability of the patent at issue are exceedingly dubious**. "[T]he public interest is served by such an injunction against the assertion of what at this preliminary stage clearly and convincingly appears to be wrongful and fraudulent claims to a right to a trademark." *Country Fare LLC*, No. 2011 WL 2222315, at *10; cf. *N.Y.C. Triathlon, LLC*, 704 F. Supp. 2d at 344"[T]he public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality.").

Second, as court has recognized in other district, "the public interest is in fact benefited by granting a TRO, because absent [Amazon's] polices, designed to avoid [Amazon's] liability for intellectual property infringement, it would be the claimed [trademark] holder who would bear the

11

burden of proving the [trademark] infringement." *Beyond BlondProds. v. Heldman,* 479 F. Supp. 3d 874,888 (C.D. Cal. 2020). "**To withhold a TRO would allow anyone to effectively shut down a competitor's business on [Amazon]** simply by filing the notice that the [competitor's] product allegedly infringes on the complaining party's [trademark]." *Id*.

Lastly, given the ubiquity of Amazon shopping to the general public, the public has an interest in a full and fair online marketplace. Here, through Defendant's fraudulent actions and statements, they are unfairly damaging Plaintiff's business. The public would only benefit from having more choice in the market, as opposed to have competition driven out by malicious complaint made by fraudulent Patent holder.

## IV. THE EQUITABLE RELIEF PLAINTIFF SOUGHT IS APPROPRIATE

### A. An TRO Directing Defendant to Retract the Amazon Patent Infringement Complaint and Refrain From Filing New Complaint Is Appropriate

The authority of a court to issue a preliminary injunction under Rule 65 derives from "traditional principles of equity jurisdiction" and is "not altered by [Rule 65]." *Grupo Mexicano de Desarrollo S. A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 318-19 (1999).

Plaintiff is seeking a temporary injunction that would require Defendant to immediately retract the Amazon Patent Infringement Complaint. This injunction is necessary to allow Plaintiff to seek reactivation of the product listings that were removed by Amazon and to stop the ongoing harm to Plaintiff, including loss of customers, loss of its ranking and reviews, deactivation of its selling account, destruction of goods, and loss of goodwill. Granting this narrow injunctive relief would strike the right balance in equity and benefit the public interest in general, especially since Amazon does not reactivate removed product listings unless the Rights Owner sends an email to Amazon authorizing reactivation or the Rights Owner submits a retraction.

It is also necessary for the Court to enjoin the Defendant from filing new complaints using

the '378 Patent. Without such relief, the Defendant may continue to file repeated complaints using the same patent, causing ongoing harm and suffering to the Plaintiff. This injunctive relief is necessary to prevent future harm and to protect the Plaintiff's rights.

Judges in this District have made a similar ruling in a previous cases (Case No: 23-cv-03001). In that case, where the Plaintiff, Amazon sellers, was extorted by the Defendants. The Defendant filed a patent infringement complaint against the Plaintiff on Amazon, resulting in the delisting of Plaintiff's products. However, in that case, the patent that the Defendant used was also found invalid based on prior art and on sale rule. After reviewing the evidence, Judges granted plaintiffs' motion for a temporary restraining order (TRO) that was narrowly tailored to order the Defendant to retract their previously filed patents infringement complaint and refrain from filing any new complaints. *See* Exhibit 2.

### B. No Bond Should Be Required Because Defendant's Own No Valid Patent for Plaintiff to Infringe

Here, a TRO requiring that the Defendant immediately retract the Amazon patent infringement complaints will cause no harm to the Defendant. The TRO seeks nothing more than to maintain the status quo where both Plaintiff and Defendant can sell on Amazon.com and compete freely. It prevents the Defendant from profiting from a fraudulent patent infringement complaint. For reasons stated above, Defendant will suffer no damage from the TRO since it has no valid patent for Plaintiff to infringe. Therefore, there is no reason why a bond needs to be posted. However, if the Court deems it necessary, Plaintiff is willing to post bond.

### V. CONCLUSION

Based on the forgoing reasons, Plaintiff has a strong likelihood of prevailing on its claims and would suffer irreparable harm in lost profits, customers, employees, reputation, and goodwill should the requested interim relief be denied. In contrast, the Defendant will not be harmed by the

issuance of the requested temporary restraining order, and this relief will serve the public interest by preventing Defendant from abusing the Amazon IP dispute resolution mechanism through a fraudulently patent infringement complaint. Therefore, an *ex parte* Temporary Restraining Order is necessary and appropriate. Plaintiff respectfully requests that this Court grant the TRO Application in its entirety. If the Court deems necessary, Plaintiff is willing to post bond.

Date: December 10, 2023                                    /s/ Wei Wang
                                                            Wei Wang, Esq.
                                                            GLACIER LAW LLP
                                                            41 Madison Avenue, Suite 2529
                                                            New York, NY 10010
                                                            wei.wang@glacier.law
                                                            332-777-7315
                                                            ***Attorney for Plaintiff***